# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BERTHA GONZALES, individually
and as parent and next friend of
Jade Gonzales, a minor,

      Plaintiff,

  vs.                                                CIVIL NO. 01-898 RLP/LFG

WILLIAM DURAN, STEVE HALL,
RICHARD DILLEY, MARY KENDRICK,
in their individual capacities, the CITY OF
ALBUQUERQUE, and the SOCIAL
SECURITY ADMINISTRATION,

      Defendants.

## MEMORANDUM OPINION & ORDER

THIS MATTER is before the court on the Defendant Social Security Administration's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement **(Docket No. 34)**, and Plaintiff's Motion to Strike Defendant Social Security Administration's Reply in Support of its Motion to Dismiss or for a More Definite Statement or for Leave to File Surreply to Same **(Docket No. 41)**. Having read the memoranda in support of and in opposition to said motions and otherwise being fully advised, the court finds that Defendant Social Security Administration's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement will be **DENIED** and Plaintiff's Motion to Strike Defendant Social Security Administration's Reply in Support of its Motion to Dismiss or for a More Definite Statement or for Leave to File Surreply to Same will be **GRANTED.**

Defendant Social Security Administration ("SSA"), moves this court to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be

granted. When addressing a Rule 12(b)(6) motion, the court presumes all well-pleaded allegations are true and views the pleadings in the light most favorable to the non-moving party. See *Albright v. Oliver,* 510 U.S. 266, 267 (1994). Rule 12(b)(6) motions are <u>not</u> routinely granted. In fact, there is a presumption against dismissing complaints for failure to state a claim for relief. See *Maez v. Mountain States Tel. &Tel., Inc.,* 54 F.3d 1488, 1496 (10th Cir. 1995). Only if it appears beyond doubt that Plaintiff can prove no set of facts in support of a claim will a claim be dismissed. *Conley v. Gibson,* 355 U.S. 41, 78 (1957). Applying these guidelines to the facts of this case, Plaintiff has stated a Privacy Act claim against SSA.

In its reply brief, SSA introduces extrinsic evidence not previously referenced in its motion. The declaration of Dolores Brito Sanchez supports the argument that Plaintiff has no meritorious claim against the SSA. When extrinsic evidence is presented, the court must treat a Rule 12(b)(6) motion to dismiss as one for summary judgment. Rule 12(b). Rather than consider the declaration of Dolores Brito Sanchez in support of the SSA motion, the court will strike the declaration because the declaration was presented in the reply brief and because of the limited discovery that has been completed in this case. The court will entertain a motion for summary judgment following a period of discovery on the Privacy Act claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant Social Security Administration's Reply in Support of its Motion to Dismiss or, for a More Definite Statement or, For Leave to File Surreply to Same is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Social Security Administration's Motion

to Dismiss or, in the Alternative, Motion for a More Definite Statement is **DENIED.**

    **IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge
Sitting by designation


Kirtan Khalsa, Esquire - Attorney for Plaintiff
Manuel Lucero, Esquire - Attorney for Defendant Social Security Administration
Kathy Levy, Esquire - Attorney for Defendants William Duran, Steve Hall, Richard Dilley,
 Mary Kendrick and the City of Albuquerque