IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERTHA GONZALES, individually and as
parent and next friend of JADE GONZALES,
a minor,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 01-898 RLP/LFG

WILLIAM DURAN *et al.*,

    Defendants

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant Phillip T. Heisey's Motion to Dismiss Plaintiffs' Fifth Amendment Claims, brought pursuant to Fed.R.Civ.P. 12(b)(6). This case arises under, *inter alia*, 42 U.S.C. § 1983.

On June 14, 1999 Sam Gonzales was accidently shot and killed by his minor daughter, Jade, who was twelve years old at the time. Plaintiffs allege that some Albuquerque Police Department ("APD") officers immediately began investigating Jade and her mother, Bertha, for the murder of Sam Gonzales despite, they contend, evidence indicating the shooting was accidental. *See* Second Amended Complaint [Doc. 51], ¶¶ 7-8. Plaintiffs allege gross overreaching by the Defendants in their interrogation of Bertha without consulting her attorney, elaborate schemes to wiretap the Gonzales' home, and the interrogation of Jade alone in a car without either her mother or her attorney present. *Id.* at ¶¶ 16-25.

Defendant Heisey is an Assistant District Attorney who is alleged to have prepared a misleading affidavit in a conspiracy with other defendants in order to obtain the arrest

of Jade Gonzales under allegedly false pretenses.  Such action was taken, it is alleged, when Defendant Heisey knew Jade was represented by counsel.  Second Amended Complaint at ¶ 17.  Defendant Heisey now seeks dismissal as a matter of law of claims allegedly arising under the Fifth Amendment.

"A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery."  *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether [she] is entitled to offer evidence to support her claims."  *Id.*

The issue before the court is whether a plaintiff may bring a claim under § 1983 for violation of the Fifth Amendment right against self-incrimination based on an interrogation when the plaintiff was represented by counsel and the failure to give warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966).

The privilege against self-incrimination applies to the states by the Fourteenth Amendment.  *Malloy v. Hogan*, 378 U.S. 1 (1964).   Some circuits allow § 1983 suits premised on the Fifth Amendment's self-incrimination clause.  *See, e.g., Deshawn E. v. Safir*, 156 F.3d 340 (2d Cir. 1998).  However, it seems that the Tenth Circuit Court of Appeals does not.  *See Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976).  Nevertheless, even if *Bennett* were not controlling,  Plaintiff in this case has failed to allege two necessary elements of a § 1983 Fifth Amendment self-incrimination claim:  that she gave inculpatory evidence *and* that the evidence was used against her in a criminal proceeding;

both elements are necessary.  *See Deshawn*, 156 F.3d at 345.  Thus, Plaintiff has failed to state a claim for relief because such claims are (1) either not cognizable in this circuit, *see Bennett*, *supra*; or (2) she has failed to allege her statements were inculpatory and that they were used against her in a criminal proceeding.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's claim for deprivation of her Fifth Amendment right against self-incrimination against Defendant Phillip T. Heisey is dismissed.

IT IS SO ORDERED.

                                            Richard L. Puglisi
                                  United States Magistrate Judge
                                       (sitting by designation)

For the Plaintiffs:      Mary Y. C. Han, Esq.

For the Defendants:    David Tourek, Esq.
                              Manuel Lucero, Esq.
                              Kathryn Levy, Esq.