IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERTHA GONZALES, individually
and as parent and next friend of
JADE GONZALES, a minor,

    Plaintiff,

v.                                                                                                                    Civ. No. 01-898 RLP/LFG

WILLIAM DURAN, *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the court on the Combined Motion and Memorandum of Law of Defendant Todd Heisey for Summary Judgment as to any Remaining Fourteenth Amendment Substantive Due Process Claims Based on Collateral Estoppel ("Defendant's Motion") [Doc. 133]. For the reasons set forth below, Defendant's Motion is denied.

On June 14, 1999 Sam Gonzales was shot and killed by his minor daughter, Jade, who was twelve years old at the time. Plaintiff alleges that some Albuquerque Police Department ("APD") officers immediately began investigating Jade and her mother, Bertha, for the murder of Sam Gonzales despite, they contend, evidence indicating the shooting was accidental. *See* Second Amended Complaint [Doc. 51], ¶¶ 7-8. Plaintiff alleges gross overreaching by the Defendants in their interrogation of Bertha without consulting her attorney, elaborate schemes to wiretap the Gonzales' home, and the interrogation of Jade alone in a car without either her mother or her attorney present. *Id.* at ¶¶ 16-25.

Defendant Heisey is an Assistant District Attorney who is alleged to have prepared a misleading affidavit in a conspiracy with other defendants in order to obtain the arrest

of Jade Gonzales under allegedly false pretenses.  Such action was taken, it is alleged, when Defendant Heisey knew Jade was represented by counsel.  Second Amended Complaint at ¶ 17.

After the police investigation, Jade was arrested for the murder of her father.  *See In re Jade G.*, 30 P.3d 376 (Ct. App. N.M. 2001), *cert. granted*, 30 P.3d 1142, *cert. quashed*, 51 P.3d 527 (2003).  She sought to have those charges dismissed due to extreme police misconduct as outlined above.  The New Mexico Court of Appeals ("COA") reversed the Children's Court dismissal.  Defendant Heisey seeks summary judgment of the claims against him based on the state court adjudication, claiming the issues are precluded by that court's opinion.

Summary judgment is proper if the  moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  An issue of fact is "genuine" if there is sufficient evidence so that a rational trier of fact could find for the non-movant.  *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999).   "An issue of fact is 'material' if, under the substantive law, it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998). The court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996).

Defendant Heisey's motion is based on issue preclusion, otherwise known as collateral estoppel.  Plaintiff's first argument in opposition to his motion is that issue

preclusion is an affirmative defense which must be raised or it is waived as stated in Fed.R.Civ.P. 8. It is undisputed that this affirmative defense was not listed by Defendant Heisey in any of his answers to the various amended complaints.

A review of precedent in the Tenth Circuit Court of Appeals indicates that the failure to raise this affirmative defense does not necessarily waive the issue, so long as the Plaintiff is on notice that a defendant intends to present a defense "in the nature of an avoidance." *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443-44 (10th Cir. 1992). In *Ball*, the defendant had failed to raise immunity as a defense but because he filed a motion for partial summary judgment three months before trial based on that defense, the court held the plaintiff was on notice. *Id*.

Although *Ball* is different from this case, in that Defendant's Motion would dismiss him entirely, rather than merely alert the Plaintiff five months before trial,[1] the court can find no prejudice to Plaintiff. Plaintiff does argue prejudice because she was unaware of this defense and therefore has conducted no discovery on the issue. Nevertheless, the court finds the issues are matters of law, not fact, and discovery would not have helped Plaintiff and in any event, she failed to request additional time to conduct discovery. Finally, the court notes the modern trend is that, "absent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion." *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) (collecting cases).

---

[1] Trial is currently set for September 15, 2003. Minute Order [Doc. 126].

Turning to the merits, Defendant asserts that he meets the elements necessary for issue preclusion: (1) the subject matter of the two actions are different; (2) the ultimate facts or issues were actually litigated; and (3) the issue was necessarily determined. *Reeves v. Wimberly*, 755 P.2d 75, 77 (N. M. Ct. App. 1988). "The party seeking application of the doctrine does not have to have been a party, or in privity with a party, to the previous action." *Id.* at 78.

Defendant states *In re Jade G.* actually litigated and necessarily determined the issue of whether the police misconduct violated Plaintiff's substantive due process rights. Because Plaintiff's claim against Defendant is that he conspired with the defendant police officers to deprive her of her substantive due process rights, the COA decision may be applied preclusively to prohibit the cause of action against Defendant.

A review of *In re Jade G.* indicates that the issue was whether the Children's Court had the power to dismiss the delinquency petition for police misconduct. The COA held that the Children's Court exceeded the scope of its power in granting the dismissal. 30 P.3d at 382. This was because "the police conduct in question in this appeal was prelitigation conduct and not directly related to the proceeding before the court." *Id.* The COA also noted that "when the police officers act improperly, a civil action may lie to obtain redress." *Id.*

Even though the COA discussed some of the police conduct at issue, its decision did not constitute a finding that Plaintiff's constitutional rights were not violated. As the Plaintiff points out, there is language in the opinion that is also helpful to her. Based on the narrow holding, that the Children's Court lacked authority to dismiss the case for any

4

alleged police misconduct, this court finds that the ultimate issue present here was not "actually litigated and necessarily determined." Therefore, the second and third elements necessary for issue preclusion are absent.

IT IS THEREFORE ORDERED THAT the Combined Motion and Memorandum of Law of Defendant Todd Heisey for Summary Judgment as to any Remaining Fourteenth Amendment Substantive Due Process Claims Based on Collateral Estoppel [Doc. 33] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

For the Plaintiff:        Mary C. Han, Esq.

For the Defendants:   Robert W. Becker, Esq.
                       Kathryn Levy Esq.
                       Manuel Lucero, Esq.