IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERTHA GONZALES, individually as parent
and next friend of JADE GONZALEZ, a minor,

    Plaintiffs,

v.                                                          Civ. No. 01-898 RLP/LFG-ACE

WILLIAM DURAN, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING STAY OF LITIGATION

THIS MATTER comes before the court on Plaintiffs' Motion to Stay Litigation. Seven days after this civil lawsuit was filed in 2001, the New Mexico Court of Appeals held that the Juvenile Court did not have jurisdiction to dismiss the criminal proceeding based on the alleged conduct of the police and others in the investigation and arrest of Jade Gonzalez. *See In re Jade G.*, 30 P.3d 376 (Ct. App. N.M. 2001), *cert. granted*, 30 P.3d 1142, *cert. quashed*, 51 P.3d 527 (2003). Thus, the criminal proceeding parallels this civil case and Plaintiffs now seek to stay the litigation.

Because of the pending criminal litigation, this suit has sparked a plethora of motions for protective orders, sanctions, etc. all based on the parties' understanding, or misunderstanding, as the case may be, of an individual's rights under the Fifth Amendment when civil litigation parallels a criminal proceeding. There is also pending at least one substantive motion for summary judgment, the outcome of which may depend on what occurs at the criminal proceeding.

Defendants argue that a plaintiff is not entitled to stay litigation when she herself chose the time to commence suit. Although it is unusual for plaintiffs to request a stay of litigation, it is not unheard of. *See Manning v. Teft*, 839 F. Supp. 126 (D. R.I. 1994). That case arose out of the First Circuit which has a mandatory stay rule when the civil litigation involves matters that will be affected by the criminal proceeding. *Id.* at 128. The parties have not pointed this court to any contrary rule in this Circuit. The general rule here seems to be that "a district court may stay civil proceedings pending the outcome of parallel criminal proceedings." *Casas v. City of Overland Park*, 2000 WL 1310516, *1 (D. Kan. 2000) (unpublished opinion). Thus, the issue is left to the court's discretion.

Defendants have asserted no prejudice to their case and because of the pending substantive motion, the court finds that discretion should be exercised and the litigation stayed until the criminal matter is concluded.

IT IS THEREFORE ORDERED THAT Plaintiffs' Motion to Stay Proceedings [Doc. 144] is granted and this case is stayed until the conclusion of the criminal proceeding. The parties shall notify the court within five days of that conclusion.

IT IS SO ORDERED.

                                                        Richard L. Puglisi
                                    United States Magistrate Judge
                                        (sitting by designation)

FOR THE PLAINTIFFS:       Mary Y. C. Han, Esq.
FOR THE DEFENDANTS:    Robert W. Becker, Esq.
                                   Kathryn Levy, Esq.
                                   Manuel Lucero, Esq.